IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DWAYNE E. ANDERSON )
)
v. ) NO. 3:06-0349
)
RICKY BELL, WARDEN )

TO:   Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered May 25, 2006 (Docket Entry No. 9), the above captioned Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge for further proceedings under Rule 8(b) of the Rules Governing Section 2254 cases and 28 U.S.C. § 636(b)(1)(B).

Petitioner is an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee. In May 1996, he was convicted by a jury in Shelby County, Tennessee of burglary and two counts of theft and was sentenced to 12 years imprisonment. The Tennessee Court of Criminal Appeals affirmed his convictions on direct appeal, and the Tennessee Supreme Court denied his application for permission to appeal on March 2, 1998. Petitioner thereafter unsuccessfully pursued post-conviction relief in the state court.

In January 2001, Petitioner filed a petition, <u>Dwayne E. Anderson v. David G. Mills</u>, No. 01-2244-To (W.D. Tenn.), for federal habeas corpus relief under 28 U.S.C. § 2254 challenging the legality of his convictions and raising six grounds for relief. The petition was dismissed on the merits on February 20, 2002. <u>See</u> Docket Entry No. 6, Attachment No. 5.[1]

---

[1] On July 2, 2001, Petitioner filed a second petition under 28 U.S.C. § 2254, arguing that he was being held in administrative prison segregation in violation of his constitutional rights. This petition did not challenge his underlying conviction or sentence. The petition was dismissed by order entered July 27, 2001, for failure to state a claim upon which habeas corpus relief can be granted. <u>See</u> Docket Entry No. 6, Attachment No. 8.

Petitioner thereafter filed an application for executive clemency under state law challenging his continued incarceration and claiming his innocence of the crimes of which he was convicted. Petitioner asserts that, in June 2005, he received a letter from the Board of Probation and Parole informing him that he would not be granted an executive clemency hearing.

On April 7, 2006, Petitioner filed the instant pro se petition for federal habeas corpus relief seeking his release from imprisonment within the Tennessee Department of Correction. He contends that the clemency proceedings were improper and that he is actually innocent of the crimes of which he was convicted.

In lieu of an answer, Respondent filed a motion to dismiss or to transfer (Docket Entry No. 4) asserting that the petition should be dismissed as untimely or, alternatively, that it should be transferred to the Sixth Circuit Court of Appeals for a determination under 28 U.S.C. § 2244(b) of whether Petitioner can file a second or successive petition. Petitioner has filed a response in opposition to the motion (Docket Entry No. 7), as well as a response (Docket Entry No. 8) asserting that the Court lacks jurisdiction over Respondent's motion to dismiss because the motion is itself untimely.

28 U.S.C. § 2244(b)(3)(A) requires that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has previously filed a petition for relief under 28 U.S.C. § 2254 challenging the legality of his underlying convictions and sentence which was dismissed on the merits.

Although the instant habeas petition is directed at the legality of the state clemency proceedings, Petitioner asserts in the petition his actual innocence of the offenses for which he was convicted and seeks his immediate release from imprisonment. Thus, the instant petition appears on its face to be a "second or successive application" within the meaning of 28 U.S.C. § 2244(b)(3)(A). Petitioner has not yet sought and obtained the authorization from the Sixth Circuit Court of Appeals

2

needed for this Court to consider his current petition. Accordingly, the action must be transferred to the Sixth Circuit Court of Appeals. See In re Jonathan Sims, 111 F.3d 45 (6th Cir. 1997).

There is no merit in Petitioner's assertion that the Court lacks jurisdiction over the motion filed by Respondent. Whether or not a motion is timely filed has no effect on the Court's jurisdiction to consider the motion. Second, and more importantly, because the district court lacks jurisdiction to consider a second or successive petition until authorization to file the petition has been obtained under Section 2244(b)(3)(A), the Court must consider the issue of compliance with Section 2244(b)(3)(A) sua sponte and irrespective of whether the issue has been raised by the respondent. See Alley v. Bell, 392 F.3d 822, 828 (6th Cir. 2004).

## R E C O M M E N D A T I O N

Accordingly, the Magistrate Judge RECOMMENDS that Respondent's motion to dismiss (Docket Entry No. 4) be DENIED WITHOUT PREJUDICE AS PREMATURE and that the Clerk be directed to transfer this case, pursuant to 28 U.S.C. § 1631, to the Sixth Circuit Court of Appeals for further consideration. See In re Jonathan Sims, 111 F.3d 45 (6th Cir. 1997).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge