UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DWAYNE E. ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:06-0349 |
| ) | Judge Echols |
| ) | |
| RICKY BELL, WARDEN, ) | |
| ) | |
| Respondent. ) | |

ORDER

This matter is before the Court on a Report and Recommendation ("R & R") (Docket Entry No. 13) in which the Magistrate Judge recommends (1) denying as premature Respondent's Motion to Dismiss[1] (Docket Entry No. 4) this successive or second petition under 28 U.S.C. § 2254 and (2) transferring this case to the United States Court of Appeals for the Sixth Circuit. The basis for that recommendation is that leave to proceed on second or successive petitions must first be presented to the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

Petitioner has filed an Objection (Docket Entry No. 14) and "Supplement to Objection" (Docket Entry No. 15) in which he raises three arguments. Additionally, Petitioner has filed a "Request for Bail on Recognizance." (Docket Entry No. 16).

---

[1]Actually Respondent's motion is titled a Motion to Dismiss or Transfer and seeks alternative relief, to wit, dismissal or a transfer, the latter of which is recommended by the Magistrate Judge.

1

Upon review of an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). See, Fed. R. Civ. P. 72(b). Having conducted this *de novo* review, the Court finds the Magistrate Judge correctly applied the law to the facts presented in this case.

Turning to Petitioner's objections, he first claims that Respondent's Motion to Dismiss or Transfer should be denied because it was not timely filed. While it appears Respondent's Motion was filed approximately one week after the date provided in the Order of this Court (Docket Entry No. 2), that untimeliness does not affect this Court's unfailing obligation to police its subject matter jurisdiction. See, Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006)(a court must *sua sponte* consider its subject matter jurisdiction regardless of whether the parties challenge jurisdiction); Alley v. Bell, 392 F.3d 822, 828 (6th Cir. 2004)(a second or successive habeas petition "implicates subject-matter jurisdiction"). Accordingly, this objection will be overruled.

Petitioner next objects to the R & R claiming that neither this Court nor any judges or panel of judges on the Sixth Circuit participated in his earlier habeas case, and thus the Sixth Circuit is somehow without jurisdiction under 28 U.S.C. § 2244(b)(3)(A). However, that statutory provision merely provides that "[b]efore a

2

second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The appropriate court of appeals for this Court, as well as the Western District of Tennessee where his earlier habeas petition was considered, is the Sixth Circuit. This objection will be overruled.

Finally, Petitioner objects to transferring this case to the Sixth Circuit because he is asserting a new claim – actual innocence. The Supreme Court has set forth the three requirements for second or successive petitions under the Antiterrorism and Effective Death Penalty Act:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Gonzalez v. Crosby, 125 S.Ct. 2641, 2646 (2005). Plaintiff's claim of actual innocence falls squarely within the third requirement and therefore this objection will be overruled.

In addition to filing objections, Petitioner has also filed a Request for Bail on Recognizance in which he claims that he should be released because he has been mistreated by prison guards which resulted in injury and because his release will allow him to find and

3

assist counsel in proving his innocence.  Leaving aside that alleged claims of mistreatment by prison guards are not within the ambit of a habeas petition, <u>Nelson v. Campbell</u>, 541 U.S. 637, 641 (2003), "[i]n order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" <u>Dotson v. Clark</u>, 900 F.2d 77 at 78 (6th Cir. 1990)(citing, <u>Aronson v. May</u>, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers)).

"There will  be few occasions where a prisoner will meet this standard." <u>Id</u>.  This is not one of those occasions.  Petitioner's unadorned claims of actual innocence stand in stark contrast to the fact that he was duly convicted, his convictions were affirmed on appeal, and his first habeas petition was denied.  Accordingly, his request for bond will be denied.

In accordance with the foregoing, the Court hereby rules as follows:

(1) the Report and Recommendation (Docket Entry No. 13) is hereby ACCEPTED;

(2) Petitioner's Objections (Docket Entry No. 14) and Supplement to Objections (Docket Entry No. 15) are hereby OVERRULED;

(3) Respondent's Motion to Dismiss or Transfer (Docket Entry No. 4) is hereby GRANTED IN PART and DENIED IN PART.  It is GRANTED insofar as it seeks a transfer of this action to the Sixth Circuit but DENIED insofar as it seeks dismissal of this case;

4

(4) Petitioner's Request for Bail on Recognizance (Docket Entry No. 16) is hereby DENIED; and

(5) The Clerk of this Court is hereby directed to TRANSFER this file to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE